UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                             :

SUSY A. MATHEW,                     :
                                             :

                           Plaintiff,     :                1:24-cv-8727-GHW
                                             :

                -v-                 :                  <u>ORDER</u>
                                           :

NEW YORK CITY DEPARTMENT OF        :
EDUCATION, *et al.*,                  :
                                           :

                           Defendants.  :
                                           :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

    Plaintiff commenced this action on November 7, 2024. Dkt. No. 1. By letter dated

February 24, 2025, Plaintiff, proceeding *pro se*, requested that the Court "grant permission to redact

[her] name, address, and phone number from public records in [this] case." Dkt. No. 17. The Court

interprets Plaintiff's request as a motion to proceed pseudonymously.

    Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of

the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of

facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed

Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception

and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case

rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020)

(per curiam).

    "When determining whether a plaintiff may be allowed to maintain an action under a

pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in

disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. This is a "factor-

driven balancing inquiry [that] requires a district court to exercise its discretion in the course of

weighing competing interests." *Id.* at 190.

The Second Circuit has adopted a non-exhaustive list of ten factors to guide courts in balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. Courts should consider:

(1) "whether the litigation involves matters that are highly sensitive and of a personal nature";

(2) "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties";

(3) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";

(4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age";

(5) "whether the suit is challenging the actions of the government or that of private parties";

(6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court";

(7) "whether the plaintiff's identity has thus far been kept confidential";

(8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity";

(9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and

(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 189–90 (internal quotations, alterations, and citations omitted). Courts are "not required to . . . use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

Considering these factors, the Court finds that, on balance and on the current record,

Plaintiff's stated interest in anonymity is outweighed by the public interest in disclosure of litigants. Plaintiff's name and address are not highly sensitive materials, and there is no reason that this case creates an atypically weak public interest in knowing the litigants' identities. Plaintiff expressed concern about "safety risks" and "impact [on] future employment opportunities." However, Plaintiff provided only a vague explanation of the safety risks—that she "ha[s] been a victim of violence in the past, which necessitated [her] relocation"—and failed to provide any further information to substantiate these concerns. Dkt. No. 17. Plaintiff has not shown that her age makes her particularly vulnerable to harm. Further, Plaintiff filed this case on November 7, 2024, and as a result, her name and contact information have been public since that date.

Additionally, Plaintiff's concern about future employment opportunities "[g]iven the nature of this lawsuit involving employment-related civil rights claims," Dkt. No. 17, is no different than the concerns that any Plaintiff raising a Title VII employment discrimination claim might have. The reputational concern with bringing such a suit does not justify the plaintiff's anonymity here.

Therefore, Plaintiff's request to proceed pseudonymously is denied without prejudice to renewal if Plaintiff wishes to provide the Court with supporting documentation to substantiate her safety concerns at a later time. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: February 27, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge