USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
SUSY MATHEW,                                                   :
                                                               :
                                                               :
                                        Plaintiff,             :
                                                               :         1:24-cv-8727-GHW
                -against-                                      :
                                                               :      ORDER REQUESTING PRO BONO
NEW YORK CITY DEPARTMENT OF                                    :              COUNSEL
EDUCATION, *et al.*,                                           :
                                                               :
                                        Defendants.            :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

During the conference held on the record on March 28, 2025, Plaintiff requested *pro bono* counsel to represent her in a mediation of this dispute. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

Considering Plaintiff's case and the public benefit to providing Plaintiff with representation in a limited capacity to amicably resolve the litigation, Plaintiff's application for the Court to request counsel for the limited purpose of representing Plaintiff in the anticipated mediation is granted. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the mediation pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's

decision whether to retain that attorney for the mediation or not. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    SO ORDERED.

Dated: March 31, 2025
       New York, New York

                                                            GREGORY H. WOODS
                                                 United States District Judge